```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                 CHARLESTON DIVISION
```

**RUSSEL C. CLARK,**

    **Plaintiff,**

**v.**                                      **Civil Action No. 2:06-00589**

**MERCK & CO., INC.,**
**DR. ROSE, ST. JOSEPH'S**
**HOSPITAL, and RICHARD J. CLARK,**
**Chief Executive, Merck & Co., Inc.**

    **Defendants.**

### MEMORANDUM OPINION

Pursuant to the court's Judgment Order of September 5, 2006, in which the court overruled the plaintiff's objections to the conclusions of Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation [hereinafter "P F & R"], indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion.

### A. Factual Background

The plaintiff is presently incarcerated at the South Central Regional Jail in Charleston, West Virginia. On July 27, 2006, the plaintiff filed an Application to Proceed Without Prepayment of Fees (Doc. No. 1) and a Complaint naming Merck & Co., Inc., Richard J. Clark, St. Joseph's Hospital, and a Dr. Rose as defendants. (Doc. No. 2). In his complaint, the plaintiff alleges that while an inmate at St. Mary's Correctional Facility, a prison official prescribed him the drug Vioxx, which resulted

in his hospitalization and caused him to develop serious health problems, including dizziness, rectal hemorrhaging, heart trouble, nerve damage, liver damage, and stroke symptoms. (Id. at 4). By Standing Order entered on July 21, 2004 and filed on July 30, 2006, this case was referred to United States Magistrate Judge Mary E. Stanley for initial screening and submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3).

On August 3, 2006, the magistrate judge entered her Proposed Findings and Recommendations (Doc. No. 4). In the P F & R, the magistrate judge proposed that the district court (1) dismiss the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief can be granted, and (2) deny the plaintiff's Application to Proceed Without Prepayment of Fees. (Id. at 5). The magistrate judge noted that the plaintiff's complaint does not specify who prescribed him Vioxx, when the drug was prescribed, when the resultant health problems occurred, or whether any of the named defendants were correctional facility employees or officials. (Id. at 4). The magistrate judge also found that the plaintiff failed to establish how prescribing Vioxx violated his Eighth Amendment rights. (Id.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation. The plaintiff filed his objections on August 8, 2006. (Doc. No. 5). The plaintiff's objections consisted of the following statements: (1) the alleged misconduct occurred between 2000 and 2001; (2) Dr. Rose, whom the plaintiff believes to be the attending physician for St. Mary's Correctional Facility, prescribed the medication; (3) the plaintiff never experienced rectal hemorrhaging or stomach problems before he took Vioxx; and (4) the plaintiff has serious, life threatening medical problems due to taking Vioxx. (Id. at 1).

The court has conducted a *de novo* review of the plaintiff's claims and now considers each of the plaintiff's objections to the magistrate judge's findings and recommendation.

### B.  Analysis

Having reviewed the record and applicable case law, the plaintiff's objections are without merit. As the magistrate judge notes, the misconduct alleged by the plaintiff does not constitute an Eighth Amendment violation under 42 U.S.C. § 1983. Under the Eighth Amendment, prison officials must provide inmates "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Further, an inmate must show that the alleged deprivation was "sufficiently serious," which is a "denial of the 'minimal civilized measures of life's

necessities.'"  <u>Id</u>. at 834.  Additionally, the inmate must establish that the prison official "had a sufficiently culpable state of mind" and acted with "'deliberate indifference' to inmate health or safety."  <u>Id</u>. (citations omitted).  In <u>Farmer</u>, the Supreme Court held that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

<u>Id</u>.

The plaintiff's complaint never alleges that Dr. Rose, or any other prison official, knew that prescribing Vioxx created an "excessive risk to inmate health," nor does it allege that any prison official intentionally disregarded that risk.  Additionally, the plaintiff's objections do not address this legal deficiency in his complaint.  Accordingly, the plaintiff's objections are overruled.

However, the magistrate judge erred in analyzing this case solely as an Eighth Amendment claim under 42 U.S.C. § 1983.  The plaintiff named both Merck & Co., Inc. and its chief executive officer, Richard J. Clark, as defendants.  The plaintiff alleges that the drug Vioxx caused him to suffer serious health problems, including dizziness, rectal hemorrhaging, heart trouble, nerve

damage, liver damage, and stroke symptoms.  (Doc. No. 2 at 4). This appears to be a state law products liability claim.[1]  See Morning Star v. Black & Decker Mfg. Co., 253 S.E.2d 666, 680 (W. Va. 1979). However, because the defendant named St. Joseph's Hospital, a West Virginia hospital, as a defendant, diversity jurisdiction for the products liability claim is not proper under 28 U.S.C. § 1332.[2]

Further, the court declines to accept supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over state law claims when all federal basis for an action ceases to exist.  See Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995).  Trial

---

[1] If the plaintiff wishes to proceed with his products liability claim in federal court, he will have to re-file his claim without naming any West Virginia defendants.

[2] The court also notes that the plaintiff's state law claim appears barred by the applicable statute of limitations.  In West Virginia, the statute of limitations in a products liability claim is two years and "begins to run when the plaintiff knows, or by exercise of due diligence should know, (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to his injury."  Goodwin v. Bayer Corp., 624 S.E.2d 562, 567 (W. Va. 2005).  Although unclear, it appears the plaintiff alleges that Dr. Rose prescribed him Vioxx between the years 2000 and 2001.  However, the plaintiff did not file this claim until July 27, 2006.  What is not clear from the record is when the plaintiff knew that he had been injured, and when he learned that Vioxx caused his injuries.  This will be dispositive in determining whether his products liability claim is barred by the statute of limitations.

courts have "wide latitude in determining whether or not to retain jurisdiction over state law claims when all federal claims have been extinguished." Id. at 110. "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. Generally, when the federal claim is dismissed before trial, the balance of factors to be considered in determining whether to exercise supplemental jurisdiction - judicial economy, federal policy, and comity - point toward declining jurisdiction over the remaining state law claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

This court has dismissed the plaintiff's federal claim long before any trial. Further, the plaintiff is not precluded from refiling his products liability claim in state court. For these reasons, this court declines to accept supplemental jurisdiction over the plaintiff's state law products liability claim and dismisses it without prejudice.

### III. Conclusion

For the reasons discussed above, the magistrate judge's recommendation to dismiss the Eighth Amendment claim and deny the Application to Proceed Without Prepayment of Fees was well reasoned and supported by court rules and case law. Further, the

plaintiff's objections are accordingly OVERRULED. The plaintiff's Application to Proceed Without Prepayment of Fees is DENIED, and the plaintiff's 8th Amendment claim is DISMISSED. Additionally, the plaintiff's state law products liability claim is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and the plaintiff, pro se.

    IT IS SO ORDERED this 5th day of September, 2006.

                            ENTER:

                            David A. Faber
                            Chief Judge